# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1474V

| | |
|---|---|
| GREGGORY DAVIS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 13, 2023 |

*Michael Adly Baseluos, Baseluos Law Firm PLLC, San Antonia, TX,* for Petitioner.

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 15, 2021, Greggory Davis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") which meets the Table definition for GBS or which, in the alternative, was caused-in-fact by the influenza ("flu") vaccine he received on October 13, 2020. Petition at 1, ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On October 12, 2023, Respondent filed a proffer on award of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation ("Proffer"). ECF No. 75. Respondent proffers that the following should be awarded:

> A. All items of compensation set forth in Respondent's life care plan illustrated by the chart entitled Appendix A and attached to the Proffer as Tab A;
>
> B. The amount of $216,046.00, representing compensation for Petitioner's past and future lost wages;
>
> C. The amount of $250,000.00, representing compensation for Petitioner's actual and projected pain and suffering;[3] and
>
> D. The amount of $30,700.00, representing compensation for Petitioner's past unreimbursable expenses.

*Id.* at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the following is awarded:**

> **A. A lump sum in the amount of $584,311.07, representing compensation in the amount of $87,565.07 for life care expenses in the first year after judgment, compensation in the amount of $216,046.00 for actual and projected lost wages, compensation in the amount of $250,000.00 for actual pain and suffering,[4] and compensation in the amount of $30,700.00 for actual unreimbursable expenses, in the form of a check payable to Petitioner, Greggory Davis; and**

---

[3] Although the parties agree Petitioner is entitled to a greater amount of compensation for his pain and suffering, the Vaccine Act contains a statutory cap which limits any pain and suffering amount to $250,000.00. Section 15(a)(4). This cap is applied first before any portion designated for future pain and suffering is reduced to net present value as required by Section 15(f)(4)(A). *See Youngblood v. Sec'y of Health & Hum. Servs.,* 32 F.3d 522, 554-55 (Fed. Cir. 1994); *P.H. v. Sec'y of Health & Hum. Servs.,* No. 14-1112V, 2017 WL 3598108 (Fed. Cl. Spec. Mstr. July 28, 2017). However, the parties agree that at least $250,000.00 is being paid for Petitioner's *past* pain and suffering. *See* Informal Remark, dated Oct. 13, 2023. Thus, no further reduction to net present value is required.

[4] Although the parties agree Petitioner is entitled to a *future* pain and suffering award, compensation for only *actual* pain and suffering is being awarded due solely to the limitation imposed by the Vaccine Act's statutory cap set forth in Section 15(a)(4). *See Supra* note 3.

2

**B. An amount sufficient to purchase the annuity contract described in Section II.B of the Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GREGGORY DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-1474V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 15, 2021, Greggory Davis ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré syndrome ("GBS") resulting from an influenza ("flu") vaccination he received on October 13, 2020. Petition at 1. On July 11, 2022, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS following flu vaccination. 42 C.F.R. §§ 100.3(a)(XIV)(D), 100.3(c)(15), and that he is entitled to compensation. ECF No. 35. Accordingly, on July 29, 2022, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for GBS following the flu vaccine he received on October 13, 2020. ECF No. 36.

**I.    Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged Misty L. Coffman, RN, CLNC, MSCC, CNLCP, to provide an estimation of

petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Greggory Davis, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Greggory Davis has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Greggory Davis's past and future lost earnings is $216,046.00. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $30,700.00. Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $584,311.07, representing compensation for life care expenses expected to be incurred during the first year after judgment ($87,565.07), lost earnings ($216,046.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($30,700.00), in the form of a check payable to petitioner, Greggory Davis.

B.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Greggory Davis, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Greggory Davis, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Greggory Davis's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

4

III.   **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Greggory Davis:    **$584,311.07**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s//*Joseph A. Lewis*
JOSEPH A. LEWIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 451-7495
Email: Joseph.a.lewis@usdoj.gov

Dated: October 11, 2023

---

Compensation Program System of Records, No. 09-15-0056.

Appendix A:  Items of Compensation for Greggory Davis

Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2023 | Compensation Year 2 2024 | Compensation Year 3 2025 | Compensation Years 4-7 2026-2029 | Compensation Year 8 2030 | Compensation Year 9 2031 | Compensation Years 10-Life 2032-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,978.80 | 1,978.80 | 1,978.80 | 1,978.80 | | | |
| Medicare Part B Deductible | 5% | | | 226.00 | 226.00 | 226.00 | 226.00 | 226.00 | 226.00 | 226.00 |
| Medicare Supplement | 5% | | M | 6,432.00 | 6,432.00 | 6,432.00 | 6,432.00 | 3,474.00 | 3,474.00 | 3,474.00 |
| Medicare Part D | 5% | | M | 796.60 | 796.60 | 796.60 | 796.60 | 796.60 | 796.60 | 796.60 |
| Neurologist | 5% | * | | | | | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | | | | | |
| Physical Therapy Evaluation | 4% | * | | | | | | | | |
| Assisted Living Facility | 4% | | M | 77,120.00 | 72,120.00 | 72,120.00 | 72,120.00 | 72,120.00 | 72,120.00 | 72,120.00 |
| Metal Shoehorn/Sock Remover Tool | 4% | | | 37.78 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 |
| Button Hook with Zipper Pull | 4% | | | 9.99 | 1.43 | 1.43 | 1.43 | 1.43 | 1.43 | 1.43 |
| Jar Opener | 4% | | | 19.95 | | | | | | |
| Build Up Utensils | 4% | | | 35.98 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 |
| Power Wheelchair | 4% | * | | | | | | | | |
| Power Wheelchair Maintenance | 4% | * | | | | | | | | |
| Wheelchair Side Bag | 4% | | | 19.99 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Portable Ramp | 4% | | | 195.10 | | | | | | |
| Power Lift Assist Recliner | 4% | * | | 349.99 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 |
| Electric Hospital Bed | 4% | * | | | | | | | | |
| Length Extension Pkg for Bed | 4% | * | | | | | | | | |
| Pressure Relieving Mattress | 4% | | | 312.81 | 31.28 | 31.28 | 31.28 | 31.28 | 31.28 | 31.28 |
| Walker | 4% | | | 30.08 | | | | | | |
| Manual Wheelchair | 4% | * | | | | | | | 21.23 | 21.23 |
| Pressure Relieving Cushion | 4% | * | | | | | | | | |
| Three in One Commode | 4% | * | | | | | | | | |
| Crutches | 4% | | | | | 55.37 | 11.07 | 11.07 | 11.07 | 11.07 |
| AFOs | 4% | * | | | | | | | | |
| Eliquis | 5% | * | | | | | | | | |
| Lost Earnings | | | | 216,046.00 | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 30,700.00 | | | | | | |
| Annual Totals | | | | 584,311.07 | 81,636.51 | 81,691.88 | 81,647.58 | 76,710.78 | 76,732.01 | 76,732.01 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($87,565.07), lost earnings ($216,046.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($30,700.00): $584,311.07.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

APPENDIX A