# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1474V

GREGGORY DAVIS,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: May 22, 2024

*Michael Adly Baseluos, Baseluos Law Firm PLLC, San Antonia, TX, for Petitioner.*

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 15, 2021, Greggory Davis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome which meets the Table definition or which, in the alternative, was caused-in-fact by the influenza vaccine he received on October 13, 2020. Petition at 1, ¶ 1. On October 13, 2023, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 77.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $156,546.29 (representing $102,041.00 for fees and $54,505.29[3] for costs). Petitioner's Application for Attorneys' Fees and Costs filed Jan. 17, 2024, ECF No. 85. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 85-6.

Respondent reacted to the Motion the same day, on Jan. 17, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs have been met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No.86. Petitioner did not file a reply thereafter.

Having reviewed of the billing records submitted with Petitioner's requests, I find several reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] When enumerating the costs in this case, Petitioner inexplicitly split the costs paid to Petitioner's life care planner, listing $4,000.00 in retainer payments in one subtotal and the remainder of costs attributed to the life care planner's work in another subtotal. *Compare* ECF No. 85 at 6 *with* ECF No. 85-1 at 33; ECF No. 85-4. In future motions, Petitioner's counsel should list all costs under one total, and should avoid dividing the costs attributed to the same expert in this manner.

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The requested hourly rates for work performed in this matter are reasonable and consistent with what has previously been awarded for the work of Mr. Baseluos. ECF No. 85 at 3-4; ECF No. 85-1 at 1-33. Although Mr. Baseluos properly bills many tasks that are typically performed by a paralegal using the proper, lower rate,[4] a few additional tasks were erroneously billed to the attorney rate, but should be adjusted.[5] **This reduces the amount of fees to be awarded by $160.00.[6]**

The billing records also reveal time expenditures which were excessive and not necessary for the resolution of this case. For example, counsel billed 2.1 hours researching and analyzing well established and minimal caselaw provided to him by Court personnel stating that the statutory cap for pain and suffering awards should be applied prior to the reduction of any future component of the award to net present values.[7] ECF No. 85-1 at 31 (first entry dated 10/12/23); *see P.H. v. Sec'y of Health & Hum. Servs.,* No. 14-1112V, 2017 WL 3598108, at *8 (Fed. Cl. Spec. Mstr. July 28, 2017) (citing

---

[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

[5] These two entries describe requests for certified medical records and Medicaid lien information and preparation of a statement of completion, dated as follows: 7/18/21 (third entry), 4/9/2022 (second entry), 8/22/2022 (second entry). ECF No. 85-1 at 4, 10, 13.

[6] This amount consists of ($350 - $150) x 0.4 hrs. + ($375 - $175) x 0.4 hrs. = $160.00.

[7] Mr. Baseluos was provided with the citation to the *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552, 554–55 (Fed. Cir. 1994), as well as Section 15(a)(4)(statutory limit for actual and projected pain and suffering); Section 15(f)(4)(A)(reduction to net present value); and *P.H. v. Sec'y of Health & Hum. Servs.,* No. 14-1112V, 2017 WL 3598108, at *8 (Fed. Cl. Spec. Mstr. July 28, 2017) (providing a detailed discussion of this uncomplicated issue).

*Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552, 554–55 (Fed. Cir. 1994); Section 15(a)(4)(statutory limit for actual and projected pain and suffering); Section 15(f)(4)(A)(reduction to net present value)). I will allow only 1.0 hour of this time. **This further reduces the amount of fees to be awarded by $440.00.**[8]

In addition, Mr. Baseluos spent two hours drafting a motion to expedite the judgment in this case, and communicating with Respondent's counsel regarding this request. ECF No. 85-1 at 31-32 (eleven entries dated from 11/6/23 to 12/18/23). In the motion, Petitioner cited reasons applicable to many Program petitioners, as well as counsel's impending absence while on vacation. ECF No. 82. Characterizing the delay as unacceptable and accusing Respondent of "sit[ting] on judgments" and showing an unwillingness "to fix the delays," Petitioner estimated payment would occur within three to four weeks if his request was not granted. I denied Petitioner's motion a few days later, and Petitioner received payment shortly thereafter – underscoring the futility of and unnecessary nature of this motion.

Work on this aspect of the case was not warranted, and I find this expenditure of time was unnecessary. Therefore, I will not authorize the application of Program funds toward time spent drafting this motion. **This further reduces the amount of fees to be awarded by $800.00.**[9]

### ATTORNEY COSTS

Petitioner requests $54,505.29 for costs. ECF No. 85; ECF No. 85-1 at 33-34. This total includes $1,700.00 in videographer costs related to a day in the life video; $18,603.96 for a vocational expert; $24,219.55 for a life care planner; $8,175 for an economist. *Id.*; ECF No. 85-2 at 15-16; ECF No. 85-3 at 2; ECF No. 85-4 at 12, 14; ECF No. 85-5 at 3. All experts charged $300.00 per hour, and the videographer charged an hourly rate of $375.00 while shooting and $100.00 while editing. ECF No. 85-2 at 15-16; ECF Nos. 85-3, 85-4, and 85-5. The vocational expert conducted a four-day site visit in August 2022, and the life care planner conducted a separate site visit (during which the video was created) in January 2023. ECF No. ECF No. 85-3; ECF No. 85-4 at 13-23. Respondent's life care planner was also present at the January 2023 site visit. *See,* e.g., ECF No. 85-1 at 19 (entry dated 12/9/22 showing Mr. Baseluos was coordinating the site visit in this case). The economist failed to provide individual dated entries regarding the

---

[8] This amount consists of $400 x 1.1 hrs. = $440.00.

[9] This amount consists of $400 x 2.0 hrs. = $800.00.

27.25 he expended, but this overall amount is low.

Although I approved the retention of all experts, I did not instruct Petitioner to create a "day in the life" video. Furthermore, it is likely that much of the work performed by Petitioner's vocational expert and life care planner (both of whom billed more than or close to $20,000.00) was duplicative. Given that the award in this case involved a significant lost wages component (as well as substantial pain and suffering component), I will reimburse these costs after one adjustment related to travel (described in the next paragraph). But Petitioner's counsel should attempt to limit any such unnecessary costs in future cases.

The life care planner correctly charged only one-half her hourly rate when traveling to and from Petitioner's home. ECF No. 85-4 at 13. The vocational expert did the same for the trip to Petitioner's home on August 10, 2022, but used his full hourly rate when driving to Petitioner's home (twice), doctor's office, and his hotel the next two days and during his return trip on August 14, 2022. *Compare* ECF No. 85-3 at 2 (entry dated) *with id.* at 3 (first, third, and fifth entries dated 8/11/22; second entry dated 8/12/22; and entry dated 8/14/22). **Correctly applying one-half of the vocational expert's hourly rate to these entries results in a reduction of costs awarded by $1,762.50.**[10]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $153,383.79 (representing $100,641.00 for fees and $52,742.79 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel,  Michael Adly Baseluos.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] This amount consists of $300 x 0.50 x 11.75 hrs. = $1,762.50.

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.